IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ALBERT LEE ABRAHAM, JR.**                                                             **PLAINTIFF**

**V.**                                                      **NO. 4:15-CV-00036-DMB-SAA**

**DR. R. ARNOLD SMITH, JR., ET AL.**                                    **DEFENDANTS**

## ORDER DENYING MOTION TO RECONSIDER

Before the Court is the "Motion to Reconsider Remand Order" of Defendants R. Arnold Smith, Jr., M.D., and North Central Mississippi Regional Cancer Center ("Cancer Center"). Doc. #32. As grounds for reconsideration, Defendants state that, before the Court entered its remand order, the Cancer Center filed a Chapter 11 bankruptcy petition that imposed an automatic stay pursuant to 11 U.S.C. § 362,[1] and argue that "the automatic stay … prevents the remand of this case to the state court until such time that Judge Ellington lifts or modifies the Cancer Center's bankruptcy stay." *Id.* at ¶ 3. In response, Plaintiff Albert Abraham, Jr., argues that "the automatic stay in bankruptcy does not prevent the Court from ruling on a motion to remand."[2] Doc. #35 at 1.

Abraham is correct. *See Hudgens v. Deer Valley Home Builders, Inc.*, No. CIV.A. 1:09-00417, 2009 WL 2878052, at *2 (W.D. La. Sept. 4, 2009) (remanding because "§ 362(a) does not explicitly preclude a remand"); *Schaffer v. Atl. Broad. of Lindwood NJ LLC,* Civ. No. 10–5449, 2011 WL 1884734 (D.N.J. May 17, 2011) ("remand … does not violate 11 U.S.C. § 362)

---

[1] In their "Status Report #2," Defendants state that "the Cancer Center will be filing its separate Notice of Removal in this action, based on the Cancer Center's February 5, 2016 Chapter 11 bankruptcy filing." Doc. #29. No such removal notice was filed. Consequently, the Court offers no opinion on whether such a filing would have ultimately changed the outcome of the Court's ruling on the motion to remand or the Court's ruling on the instant motion for reconsideration.

[2] Abraham supports this argument with authority in accord with the cases cited herein. *See* Doc. #35 at 2 n.1.

(collecting cases); *Sanders v. Farina*, 67 F. Supp. 3d 727, 730 (E.D. Va. 2014) ("§ 362 does not prevent remand") (collecting cases). Therefore, Defendants' motion [32] to reconsider is **DENIED**.

**SO ORDERED**, this 28th day of March, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**